UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARRISTER GLOBAL SERVICES NETWORK, INC. | CIVIL ACTION |
| VERSUS | NO: 22-2338 |
| STACEY POWELL, ET AL. | SECTION: "A" (5) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss or for Summary Judgment or, in the Alternative, for a More Definite Statement (Rec. Doc. 24)** filed by the defendants, Stacey Powell, Logical Maintenance Solutions, Inc., Ovation Workplace Services Inc., and Flex Equity, LLC (at times collectively "Defendants"). The plaintiff, Barrister Global Services Network, Inc., opposes the motion. The motion is before the Court on the briefs without oral argument. For the reasons that follow, the motion is dismissed as premature.[1]

**I.**

The governing pleading to which Defendants' motion is directed is the First Supplemental and Amending Petition (Rec. Doc. 11) (hereinafter "Complaint") filed by the plaintiff, Barrister Global Services Network, Inc. ("Barrister").[2] According to the

---

[1] Defendants' motion was not in compliance with the Local Rules as originally filed and was marked deficient by the Clerk. The Clerk's Office issued the standard deficiency notice with a seven calendar day window to cure the deficiency. By the time that Defendants refiled the motion for summary judgment using the same submission date as the original deficient motion, the plaintiff was not accorded the 15 days actual notice mandated by Local Rule 7.2. In fact, Defendants filed their corrected motion on the date that the plaintiff's opposition would have been due under the Local Rules.

[2] Rule 7 of the Federal Rules of Civil Procedure does not recognize a petition as a form of

1

Complaint, Barrister is a national service provider of IT services with its principal place of business in Louisiana (St. Tammany Parish). The defendant Stacey Powell (domiciled in Oregon) was hired by Barrister on September 12, 2017, as the company's Chief Operating Officer ("COO"). (Complaint ¶ 9). In connection with her hiring Powell executed an Employee Confidentiality and Non-Competition Agreement. (*Id.* ¶ 10).

During Powell's employment with Barrister she brought to the company a Xerox Agreement, which was a specialized service agreement for Barrister to provide IT services on behalf of Xerox. (*Id.* ¶ 12). Powell had pre-existing business contacts at Xerox when she joined Barrister. (*Id.* ¶ 13).

Pursuant to the terms of the Xerox Agreement, in order to meet its service delivery obligations, Barrister was required to employ a sufficient number of Xerox-trained and certified technicians. (*Id.* ¶ 19). Xerox provided the necessary and specialized training to Barrister's field technicians for Xerox's products but all other training of Barrister's field technicians was at its own expense. (*Id.* ¶ 20). As such, Barrister expended resources in recruiting, hiring, training, and compensating field technicians in order to comply with its obligations under the terms of the Xerox Agreement. (*Id.* ¶ 21).

Powell resigned from Barrister on September 20, 2019, as memorialized by the Termination of Employment Agreement.[3] (Complaint ¶ 10). According to Barrister,

---

pleading in civil litigation. This civil action was not removed from state court but rather was initiated in federal court. Thus, the proper pleading that Barrister should have used was a complaint and not a petition.

[3] According to paragraph 10 of the Complaint, Powell abruptly resigned on September 30, 2019, but the Termination of Employment Agreement (Exhibit B to Defendants' motion) is dated

2

Powell violated the terms of the Employee Confidentiality and Non-Competition Agreement when immediately subsequent to leaving Barrister she began working for a direct competitor, defendant Ovation Workplace Services, Inc. ("Ovation"). Thereafter, Powell began working for defendant Logical Maintenance Solutions, Inc., ("LMS") an entity believed to be related to Ovation. (*Id.* ¶ 25).

Barrister alleges that Powell used Barrister's confidential information and trade secrets to recruit Barrister's specially-trained Xerox technicians and technical support managers to LMS. (Complaint ¶ 28). Several of Barrister's technicians resigned and started working for LMS, who does the same type of work for Xerox that Barrister was contracted to perform. (*Id.* ¶ 27). As a result, Barrister's ability to maintain its staffing obligations under the Xerox Agreement has been hindered. (*Id.* ¶ 32).

Barrister (citizen of Louisiana and Delaware) asserts causes of action against Powell (citizen of Oregon) under theories of tortious interference with contract, breach of contract, the Louisiana Unfair Trade Practices Act ("LUTPA"), and failing all else unjust enrichment. Barrister asserts causes of action against Ovation (citizen of New Jersey), LMS (citizen of California), and Flex Equity, LLC (<u>citizenship unknown</u>) under the LUTPA.[4]

Defendants raise a multitude of arguments in support of their motion to dismiss,

---

September 20, 2019. (Rec. Doc. 24-4).

[4] Barrister added Flex Equity, LLC to the case because LMS was acquired by Flex Equity. (Complaint ¶ 35). The motion to dismiss alludes to a potential problem as to personal jurisdiction over Flex Equity. (Rec. Doc. 24-2, Memorandum in Support at 22 n.9). Personal jurisdiction only becomes relevant if the Court has subject matter jurisdiction over the claims between Barrister and Flex Equity and as of right now it does not.

as well as a multitude of arguments based on evidence outside of the pleadings that the plaintiff has not had the opportunity to traverse in discovery. Unfortunately, until subject matter is properly established the Court can consider none of Defendants' arguments.

**II.**

Diversity jurisdiction is the basis cited by Barrister for jurisdiction in a federal court. But the pleadings do not establish diversity jurisdiction, which requires that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The problem is the joinder of Flex Equity, LLC as a defendant. The jurisdictional allegation as to Flex Equity is as follows:

> FLEX EQUITY, LLC ("FLEX EQUITY"), a foreign company, with sufficient information and belief, has its principal place of business in Dallas, Texas, doing business in the State of Louisiana, and that which acquired LMS in 2021.

Complaint ¶ 2(4).

This allegation does not contain facts from which Flex Equity's citizenship can be determined. The citizenship of an LLC is determined by the citizenship of <u>all</u> of its <u>members</u> not by its state of organization and its principal place of business. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Further, the citizenship upon which jurisdiction in federal court is based must be "distinctly" and "affirmatively" alleged. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). Failure to adequately allege the basis for diversity jurisdiction mandates dismissal. *Id.* (citing *Stafford v. Mobil Oil Corp.,* 945 F.2d 803, 805 (5th Cir.1991)).

Barrister must either amend its complaint to cure the jurisdictional defect

4

identified above or voluntarily dismiss Flex Equity from the case so that it can proceed against the other defendants.[5]

Until jurisdiction is properly established over this case, the Court cannot adjudicate any of the arguments raised in Defendants' motion, all of which seek a merits-based dismissal with prejudice. To be sure, as the party seeking a federal forum the burden as to subject matter jurisdiction falls solely on the plaintiff. But via their motion Defendants are asking this Court for a dismissal with prejudice of all of Barrister's claims, which cannot be done in the absence of subject matter jurisdiction. When Defendants noted the issue of Flex Equity's unpleaded citizenship in their motion to dismiss (Rec. Doc. 24-2, Memorandum at 23), they did not provide the information (identification of each member along with each member's citizenship) which would have allowed the Court to assume jurisdiction over the case and adjudicate the motion. (Rec. Doc. 24-2 at 23).

Assuming that Barrister corrects the jurisdictional issue thereby making a second merits-based dispositive motion by Defendants appropriate, Defendants are notified that the only relief that the Court will consider is relief under Rule 12(b)(6). The Court will not consider Rule 56 (summary judgment) relief by relying on the type of evidence that Defendants submitted with their motion in order to attempt to disprove or contradict Barrister's factual allegations. That type of evidence is simply premature because no discovery has been conducted as yet. The Court will only address arguments

---

[5] The dismissal would be without prejudice because the pleadings do not establish subject matter jurisdiction over Flex Equity. A dismissal with prejudice requires that the Court have subject matter jurisdiction over the claims between the plaintiff and the defendant.

challenging the sufficiency of the factual allegations, which are assumed to be true, in light of the legal theories being relied upon. Whether Barrister can actually prove those allegations is a question for another day.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss or for Summary Judgment or, in the Alternative, for a More Definite Statement (Rec. Doc. 24)** filed by the defendants, Stacey Powell, Logical Maintenance Solutions, Inc., Ovation Workplace Services Inc., and Flex Equity, LLC is **DISMISSED AS PREMATURE**.

**IT IS FURTHER ORDERED** that on or before <u>**Friday, March 17, 2023**</u>, the plaintiff must file an amended pleading to cure the jurisdictional defect as to Flex Equity. Given that all parties have now made an appearance through counsel, service of the new pleading through the Court's CM/ECF System will be sufficient. Defendants' new Rule 12(b)(6) motion must be filed within 21 days after the plaintiff files the amended pleading, and must be noticed for a valid Section A submission date that complies with Local Rule 7.2. Relief under Rule 56 that relies on evidence extraneous to the Complaint will not be considered and shall not be part of the new motion to dismiss.[6]

March 9, 2023

                                               JAY C. ZAINEY
                                    UNITED STATES DISTRICT JUDGE

---

[6] To be clear, the non-compete agreement and the termination agreement, which are included as part of the allegations in the Complaint, are not considered extraneous to the Complaint and may legitimately be part of a valid Rule 12(b)(6) legal argument.